UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMAD FAYYAZ and<br>GIZELA FAYYAZ,<br><br>    Plaintiffs,<br><br>        v.<br><br>DEPARTMENT OF HOMELAND<br>SECURITY, through its Secretary,<br>MICHAEL CHERTOFF; EMILIO<br>GONZALEZ, Director, UNITED<br>STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES (USCIS);<br>SHARON HUDSON, District Director,<br>USCIS Houston; and ROBERT<br>MUELLER, Director, FEDERAL<br>BUREAU OF INVESTIGATION (FBI),<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 06cv2016 (HHK)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER OR,
IN THE ALTERNATIVE, TO DISMISS**

COME NOW, the above-named Defendants, by and through their attorney, the United States Attorney for the District of Columbia, and file this Reply to Plaintiffs' Response Opposing Defendants' Motion to Transfer Or, In the Alternative, to Dismiss ("Plaintiffs' Response"). This Reply fully incorporates Defendants' Motion to Transfer or, in the Alternative, To Dismiss, filed previously in this matter.

**I.    Venue Should Be Transferred to Houston, Texas.**

Plaintiffs filed their lawsuit seeking an order from this Court to compel the adjudication of Mohammad Fayyaz's adjustment of status application. Plaintiffs did not bring the suit to challenge the policies of the FBI in relation to name checks. Rather, it is a suit asking for

Defendants to adjudicate Plaintiff's application for adjustment of status. See Plaintiffs' Response at 9.

The only defendant named in the lawsuit with jurisdiction and authority to adjudicate an adjustment of status application is Defendant USCIS. Further, adjudication of adjustment of status applications occurs in the USCIS district office where the applicant resides, not in Washington D.C. See 8 C.F.R. § 245.2(a)(1). Plaintiffs argue that the actual result of the decision is not relevant to their cause of action, see Plaintiffs' Opposition at 10, yet Plaintiffs ask for "Defendants to immediately finish adjudicating Plaintiff Mohammad Fayyaz's application for adjustment of status" in their Complaint, and that decision is made in the local USCIS district office. Moreover, in Plaintiffs' Response at 9, they argue that they seek to have the Court compel Defendants to issue a decision on the adjustment of status application. Again, that decision is made locally in Texas. Plaintiffs reside in the USCIS Houston district office jurisdiction. Therefore, venue is more proper in the local USCIS office where the Plaintiffs reside, the USCIS decision-makers reside, and where the application must be adjudicated.

In addition, Plaintiffs argue that according to USCIS policy, the decision to seek expediting of an FBI name check is made in Washington D.C. See Plaintiffs' Response at 7; Plaintiffs' Ex. A. However, Exhibit A demonstrates that the decision whether to expedite a particular applicant's mandatory FBI name check, is made at the local level by the USCIS district director in the USCIS district office where Plaintiff Fayyaz resides. The local USCIS district director, in reaching a decision whether to seek expediting of a particular applicant's adjustment of status or naturalization application, must carefully evaluate and assess the designated criteria to determine whether a particular applicant should be jumped to the head of the line ahead of other applicants who have been waiting longer. The local USCIS district

2

director maintains local records, demonstrating the large numbers of applications where the FBI name checks have been completed, and as compared to the very small number of applicants awaiting completion of the mandatory background checks. The local USCIS district director must utilize the criteria contained in Plaintiffs' Exhibit A to determine whether a particular applicant merits moving to the head of the line, such as military deployment, age-out cases, critical medical conditions, or loss of social security or other subsistence benefits. This discretionary decision by the local USCIS district director must be exercised carefully to ensure fair and equal treatment to all applicants for adjustment of status or naturalization. Again, these decisions are made, in all cases including Plaintiff's, at the local USCIS district office in Houston, Texas.

Finally, Plaintiffs argue that USCIS has a backlog in the processing of immigration applications, see Plaintiffs' Response at 17, but then provide Exhibit C, the March 15, 2007 processing times for the local USCIS Houston, Texas, office. Exhibit C demonstrates that the local USCIS Houston district office is within a six month processing time on adjustment of status applications. This statistical information demonstrates that the FBI name checks have been completed, and that the local USCIS Houston office has completed adjudications on the vast majority of adjustment of status applications. Again, this is a local issue arising in the local USCIS Houston, Texas, office where plaintiff resides.

Because the adjudication of Plaintiff Fayyaz's adjustment of status application is determined at the local USCIS Houston district office, venue should be transferred to Houston, Texas. The relevant statute, 28 U.S.C. § 1404(a), does not require that Defendants demonstrate that venue is completely inappropriate where Plaintiff has filed his lawsuit, but rather, that venue is more appropriate in the place where Plaintiff's alleged harm occurred.

II. **USCIS's Decision To Withhold Adjudication Of Adjustment Of Status Until Favorable Completion Of All Mandatory Security Background Checks, Falls Within Discretionary Statutes And Regulations, Stripping This Court Of Jurisdiction.**

The Secretary of Homeland Security is charged with the administration and enforcement of all laws relating to the immigration and naturalization of aliens, and to maintain direct and continuous liaison with the FBI, CIA, and other internal security officers of the United States, for the purpose of enforcing the immigration laws in the interest of the internal and border security of the United States. See 8 U.S.C. §§ 1103; 1105. Further, the Secretary of Homeland Security shall establish such regulations, issue such instructions, and perform such other acts *as he deems necessary* for carrying out his authority. See id. Adjustment of status applications require an FBI name check, and the immigration regulations provide that the FBI name check is a part of the adjustment application itself. See 8 C.F.R. §§ 103.2(a)(1); 245.2(a)(3) (Form G-325A is the FBI name check form). The Secretary of Homeland Security, through delegation to the USCIS Director, has determined that it is necessary to complete all criminal and national security background checks prior to approval of any application for adjustment of status or naturalization. The decisions and actions of USCIS to require withholding of approval of an adjustment of status application until the background checks are completed, fall squarely within the discretionary decision-making authority of the Secretary of Homeland Security.

This same issue was recently addressed in Grinberg v. Swacina, 478 F.Supp.2d 1350 (S.D. Fla. 2007), wherein plaintiffs initiated an "action for *mandamus* relief to compel [d]efendants to adjudicate their applications for adjustment of immigration status." See id. at 1352. Plaintiffs "filed Forms I-485 with the Immigration and Naturalization Service ("INS") to become permanent residents of the United States under Section 245 of the Immigration and

4

Nationality Act ("INA"), 8 U.S.C. § 1255(a)." Id. USCIS transferred plaintiffs' applications to their Miami office for processing. Id. "The USCIS requested that the FBI review [plaintiffs'] records and report any relevant information on January 6, 2003." Id. Plaintiffs subsequently "attended their scheduled adjustment of status interview at the Miami District Office." Id. at 1353. At the time plaintiffs filed their lawsuit, more than five years "had elapsed since the INS issued receipts for their applications, and three years since their interviews at the Miami office."

The "issue between the parties is whether Congress intended the pace at which an adjustment of status application is processed to come within the ambit of a discretionary, and hence non-reviewable, 'action.'" Id. The court elected "to follow the majority of courts that have dismissed similar actions for lack of subject matter jurisdiction, under the rationale that" the INA precludes "judicial review of any discretionary 'decision or action' of the Attorney General in immigration matters." Id. at 1352 (citations omitted). The majority of courts "have held that this phrase includes the pace at which immigration decisions are made." Id. (citation omitted). In coming to its conclusion, the court followed the logic of Safadi v. Howard, 2006 WL 3780417 (E.D.Va. Dec. 20, 2006), and held "that the term 'action' encompasses delays in the process and precludes *mandamus* relief. Therefore, section 242(a)(2)(B) precludes *mandamus* jurisdiction over this matter. Id. at 1354.

Because the facts in this case mirror those in Grinberg, this Court should reach the same conclusion and determine that it lacks jurisdiction.

### III. Conclusion

For the foregoing reasons, Defendants respectfully request that this Court transfer venue to Houston, Texas, where Plaintiff resides and where the adjustment of status application is pending before Defendant USCIS Houston District Office. In the alternative, Defendants request

5

that the Court dismiss this case for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) and/or for failure to state a claim.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/
KAREN L. MELNIK, D.C. Bar #436452
Assistant United States Attorney
555 4th Street, N.W. Rm. E 4112
Washington, D.C. 20530

Of Counsel:

Pauline A. Appelbaum
USCIS Associate Regional Counsel
126 Northpoint, Room 2005
Houston, Texas  77060