IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MOHAMMAD FAYYAZ and GIZELA FAYYAZ, | § § § | |
| *Plaintiffs* | § § | Civil Action No. 06-2016 (HHK) |
| v. | § § | |
| DEPARTMENT OF HOMELAND SECURITY, THROUGH ITS SECRETARY, MICHAEL CHERTOFF, EMILIO GONZALEZ, DIRECTOR, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS), SHARON HUDSON, DISTRICT DIRECTOR, HOUSTON, USCIS, AND ROBERT MUELLER, DIRECTOR, FEDERAL BUREAU OF INVESTIGATION, | § § § § § § § § § § § § § | |
| *Defendants* | § | |

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Mohammad Fayyaz and Gizela Fayyaz ("Fayyaz") and files this Plaintiff's Motion for Summary Judgment. In support of their Motion for Summary Judgment, Plaintiffs refer the Court to a statement of material facts as to which Plaintiff contends there is no genuine issue and the accompanying memorandum of points and authorities. A proposed Order is attached.

                  Respectfully submitted,

                  /s/ Jonathan S. Rochkind
                  Jonathan S. Rochkind

                    Smith, Hudson & Carluzzo, P.C.  
                    9300 West Courthouse Road  
                    Judiciary Square – Suite 203  
                    Manassas, Virginia 20110  
                    (703) 361-0776 ext 107  
                    DC Bar ID number 425185  

                    COANE & ASSOCIATES

                    /s/ James P. McCollom, Jr.  
                    Bruce A. Coane  
                    SBOT No. 04423600  
                    Ajay Choudhary  
                    SBOT No. 90001623  
                    James P. McCollom, Jr.  
                    SBOT No. 13431960  
                    3D/International Tower  
                    1900 West Loop South  
                    Suite 820  
                    Houston, TX 77027-3206  
                    713-850-0066  
                    713-850-8528  FAX

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by electronic means through the Electronic Case Filing system on October 19, 2007 to:

Ms. Karen L. Melnik  
Assistant U.S. Attorney  
Judiciary Center Building  
555 4th Street, NW Rm. E-4112  
Civil Division  
Washington, DC 20530  
Karen.melnik@usdoj.gov

                    /s/ James P. McCollom, Jr.  
                    James P. McCollom, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMAD FAYYAZ and §<br>GIZELA FAYYAZ, §<br>   §<br>   *Plaintiffs*   §<br>   §<br>v.   §<br>   §<br>DEPARTMENT OF HOMELAND §<br>SECURITY, THROUGH ITS §<br>SECRETARY, MICHAEL CHERTOFF, §<br>EMILIO GONZALEZ, DIRECTOR, §<br>UNITED STATES CITIZENSHIP AND §<br>IMMIGRATION SERVICES (USCIS), §<br>SHARON HUDSON, DISTRICT §<br>DIRECTOR, HOUSTON, USCIS, AND §<br>ROBERT MUELLER, DIRECTOR, §<br>FEDERAL BUREAU OF §<br>INVESTIGATION, §<br>   §<br>   *Defendants*   § | Civil Action No. 06-2016 (HHK) |

**STATEMENT OF MATERIAL FACTS AS TO WHICH PLAINTIFFS
CONTEND THERE IS NO GENUINE ISSUE**

Plaintiffs Mohammad and Gizela Fayyaz ("Fayyaz") respectfully file a Statement of Material Facts as to which Plaintiffs contend there is no genuine issue.

The Defendants have conceded that the I-130 petition for alien relative that Plaintiff Gizela Fayyaz filed on behalf of Plaintiff Mohammad Fayyaz on June 29, 2004 was approved by the USCIS on February 10, 2005. (See Defendants' Exhibit to their Motion to Dismiss, Declaration of Sharon Hudson, paragraphs 7(d) and (f)) (Also see Defendants' Exhibit Declaration of Sharon Hudson, Exhibit A-1, Pages 6-7, copy of actual I-130 petition for alien relative) (Also see Defendants' Motion to Dismiss, Memorandum of Points and Authorities, page 2).

The Defendants have also conceded that the I-485 application for adjustment of status was filed by Plaintiff Mohammad Fayyaz on June 29, 2004. (See Defendants' Exhibit to their Motion to Dismiss, Declaration of Sharon Hudson, paragraph 7(d)) (Also see Defendants' Exhibit Declaration of Sharon Hudson, Exhibit A-2, Pages 8-11, copy of actual I-485 application for adjustment of status) (Also see Defendants' Motion to Dismiss, Memorandum of Points and Authorities, page 2).

The Defendants have also conceded that they have not yet adjudicated the I-485 application for adjustment of status. (See Defendants' Exhibit to their Motion to Dismiss, Declaration of Sharon Hudson, paragraph 7(h)) (Also see Defendants' Motion to Dismiss, Memorandum of Points and Authorities, page 2).

This lawsuit is a mandamus lawsuit in which the Plaintiffs are requesting that the Court order the Defendants to adjudicate the pending I-485 adjustment of status application. There is no genuine issue as to the material facts in this case.

Respectfully submitted,

/s/ Jonathan S. Rochkind
Jonathan S. Rochkind
Smith, Hudson & Carluzzo, P.C.
9300 West Courthouse Road
Judiciary Square – Suite 203
Manassas, Virginia 20110
(703) 361-0776 ext 107
DC Bar ID number 425185


COANE & ASSOCIATES


/s/ James P. McCollom, Jr.
Bruce A. Coane
SBOT No. 04423600
Ajay Choudhary
SBOT No. 90001623

                        James P. McCollom, Jr.
                        SBOT No. 13431960
                        3D/International Tower
                        1900 West Loop South
                        Suite 820
                        Houston, TX 77027-3206
                        713-850-0066
                        713-850-8528  FAX

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by electronic means through the Electronic Case Filing system on October 19, 2007 to:

Ms. Karen L. Melnik
Assistant U.S. Attorney
Judiciary Center Building
555 4th Street, NW Rm. E-4112
Civil Division
Washington, DC 20530
Karen.melnik@usdoj.gov

                        /s/ James P. McCollom, Jr.
                        James P. McCollom, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MOHAMMAD FAYYAZ and<br>GIZELA FAYYAZ,<br><br>  *Plaintiffs*<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY, THROUGH ITS SECRETARY, MICHAEL CHERTOFF, EMILIO GONZALEZ, DIRECTOR, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS), SHARON HUDSON, DISTRICT DIRECTOR, HOUSTON, USCIS, AND ROBERT MUELLER, DIRECTOR, FEDERAL BUREAU OF INVESTIGATION,<br><br>  *Defendants* | § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 06-2016 (HHK) |

## **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Mohammad and Gizela Fayyaz ("Fayyaz") respectfully request that the Court grant Plaintiffs' Motion for Summary Judgment, and would show as follows:

### **I. Introduction**

Fayyaz brought this lawsuit seeking to compel action on an application for lawful permanent resident status that he filed with the Defendants on June 29, 2004 and on a petition for alien relative that his wife filed on June 29, 2004.

The Defendants moved pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure to dismiss this action for lack of subject matter jurisdiction. The Defendants also moved to transfer this case to the Southern District of Texas. These motions are pending before

the Court. Fayyaz previously responded to Defendants' motions and now moves for Summary Judgment. Fayyaz asks the Court to find that a valid APA claim has been made and that on the undisputed facts, the Court should find a delay of three years and four months to be unreasonable and grant the motion for summary judgment.

Summary judgment should only be granted if the moving party has shown that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986); *Waterhouse v. District of Columbia,* 298 F.3d 989, 991 (D.C.Cir. 2002). In determining whether a genuine issue of material fact exists, the Court must view all facts in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

## II. A District of Columbia District Court has recently granted summary judgment to the Plaintiff in a similar case

One D.C. District Court has recently rejected similar jurisdictional challenges posed by the Government as in the instant case and granted Plaintiff's motion for summary judgment on an adjustment of status application that had been pending four years. *Liu v. Novak,* -- F.Supp.2d -- , 2007 WL 2460425 (D.D.C. Aug. 30, 2007). In the instant case, the adjustment of status application has been pending for three years and four months.

Some other Courts have dismissed cases similar to the instant case for lack of subject matter jurisdiction stating that 8 U.S.C. § 1252(a)(2)(B)(ii) grants the Attorney General discretion over the decision whether to grant adjustment of status and the adjustment status process itself – including the speed at which applications are adjudicated. *See eg. Kuchumov v. Chertoff,* 2007 WL 2782045 (E.D.Mich. Sep. 24, 2007) (unpublished); *Qui v. Chertoff,* 486 F.Supp.2d 412, 417-20 (D.N.J. 2007); and *Li v. Chertoff,* 482 F.Supp.2d 1172, 1177 (S.D.Cal. 2007).

7

In addition to *Liu v. Novak,* other recent decisions have rejected the reasoning that the jurisdiction-stripping statute applies to the pace at which adjustment of status applications are processed. *See eg. Gershenzon v. Gonzalez,* 2007 WL 2728535 (W.D.Pa. Sep. 17, 2007) (unpublished); *Bondarenko v. Chertoff,* 2007 WL 2693642 (W.D.N.Y. Sep. 11, 2007) (unpublished); and *Tang v. Chertoff,* 2007 WL 2462187 (E.D.Ky. Aug. 29, 2007) (unpublished).

Fayyaz urges the Court to adopt the reasoning in *Liu v. Novak* and these other Courts to find subject matter jurisdiction but requests that the Court go further and grant summary judgment.

Although Fayyaz complains of delays in the processing of security checks, Fayyaz cannot request programmatic change through a lawsuit based on the Administrative Procedures Act. *Norton v. Southern Utah Wilderness Alliance,* 542 U.S. 55, 64, 124 S.Ct. 2373, 2379-80, 159 L.Ed.2d 137 (2004). Rather, Fayyaz complains of a discrete agency action that is causing them harm, that is, the inaction by the Defendants in the processing of the specific immigration applications as alleged in the Original Complaint. *Id.*

The *Liu v. Novak* Court undertook an analysis of the reasonableness of the delay under the Administrative Procedures Act as directed by the leading case on the Administrative Procedures Act, *Telecomm. Research and Action Ctr. (TRAC) v. FCC,* 750 F.2d 70 (D.C.Cir.1984). *Liu v. Novak* at *8-9. The *Liu v. Novak* Court listed the six relevant factors set forth by the *TRAC* Court:

> (1) the time agencies take to make decisions must be governed by a "rule of reason"; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

>   (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.' " *Liu v. Novak* at *8.

First, the TRAC Court said that a "rule of reason" governs the time agencies take to make decisions. *Id.* at 80.

On the one hand, the rule of reason cautions against ordering action in this case because there are pending FBI security name checks. It has become evident that "[d]elays of this nature are inevitable and becoming more frequent in light of heightened security concerns in the post-911 world." *Alkenani v. Barrows,* 356 F.Supp.2d 652, 657 (N.D.Tex2005).

On the other hand, the USCIS has an affirmative duty to adjudicate the application for adjustment of status. 8 C.F.R. § 245.2. Therefore, when the USCIS fails to do so after more than three years, the applicant may rightfully seek Court intervention. Under the rule of reason, the USCIS cannot delay indefinitely. The question then becomes at what point should the Court act. Three years and four months exceeds the rule of reason.

The *Liu v. Novak* Court stated that the first factor was in favor of the Plaintiff because although the Defendants generally described the name check process, the Defendants failed to explain the average or expected processing times for the security checks or why Plaintiff's particular check had not been processed. *Liu v. Novak* at *8. The Court further did not find it reasonable that it would take four years to complete the process given the Defendants' description of the name check process. The Court noted that the Defendants had failed to provide detailed information to explain the delay in plaintiff's name check and noted that other Courts had found an unreasonable delay in similar circumstances. *Id.*

Second, the TRAC court said that a statutory scheme may supply content for the rule of reason. *Id.* at 80. It should be further noted that 8 U.S.C. § 1571 states that "it is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." 8 U.S.C. § 1572 and 1573 require the Attorney General to reduce the backlog in the processing of immigration applications. Further, the published guidelines by the USCIS Houston District office that show that this case is well outside of processing guidelines.

The *Liu v. Novak* Court stated that Congress has not provided a timetable for this action, therefore the second TRAC factor is inapplicable. *Liu v. Novak,* fn. 4 at *9.

Third, the TRAC court said that reasonable delays in the sphere of economic regulation are less tolerable when human health and welfare are at stake. *Id.* at 80. This consideration does not at first blush apply in this case because economic regulations are not at stake. At the same time, the concern is that by refusing to act, and by further arguing that there should be no review of that refusal, the Defendants "relegate aliens to a state of 'limbo,' leaving them to languish indefinitely." *Kim v. Ashcroft,* 340 F.Supp.2d 384, 393 (S.D.N.Y.2004).

Fifth, the TRAC Court said that the court should also take into account the nature and extent of the interests prejudiced by the delay. *Id.* at 80.

As of this date, Fayyaz has been denied the privilege of being a permanent lawful resident of the United States along with its accompanying benefits. Fayyaz cannot travel abroad at this point. Fayyaz cannot work in the United States without continuously seeking permission from the Defendants. Because he is in limbo, he does not have the constitutional rights that U.S. citizens take for granted. At such point that Fayyaz might be granted lawful permanent

residency, he could file a petition for naturalization two years and nine months later. In short, Fayyaz's life is at a complete standstill.

The *Liu v. Novak* Court stated with regard to the third and fifth factors that the inability to obtain permanent resident status affects a wide range of important rights. *Liu v. Novak* at *9. Thus, the *Liu v. Novak* Court found that those two factors weigh in favor of finding the delay unreasonable. *Id.*

Fourth, the TRAC court said that the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority. *Id.* at 80. Plaintiffs complain that the named Defendant, the Federal Bureau of Investigation, has not completed the requisite name checks so that the Defendant, the Citizenship and Immigration Services, may adjudicate the application.

In the instant case, the Defendants are offering no timetable to resolve the question of the FBI security checks. Fayyaz has been forced to resort to filing a lawsuit only because of this impossible situation.

The *Liu v. Novak* Court stated that with regard to the fourth factor, "the Defendants have not provided any information that would allow the Court to find this factor in their favor." *Liu v. Novak* at *9. In that case, the plaintiff asserted that there was no active investigation of him and the Court found that the Defendants failed to dispute this assertion with any specificity. *Id.* In the instant case, Fayyaz likewise asserts that there can be no active investigation of him after three years and four months. The *Liu v. Novak* Court also stated that the Defendants had not submitted any information regarding the extent of a potential impact on the processing of other applications to corroborate their assertion that the processing of plaintiff's application may increase the delay for others. *Id.*

11

Sixth, the TRAC Court said that the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'" *Id.* at 80. The *Liu v. Novak* Court did not address this factor.

The *Liu v. Novak* Court found that the four year delay was unreasonable based "on the nature of the security check process, the findings of other courts, and the prejudice to the plaintiff." *Liu v. Novak* at *9. In that case, the Court stated that it had given the Defendants ample opportunity to "provide information that would allow the Court to find plaintiff's interests outweighed by the impact of a remedy on other agency activities." *Id.*

The *Liu v. Novak* Court required the Defendants to adjudicate the adjustment of status application within 60 days of the date of its decision. *Id.* Fayyaz requests that the Court make the same order.

There are no fact issues in this case because the Defendants have conceded that on June 29, 2004, Plaintiff Gizela Fayyaz filed an I-130 petition for alien relative for Plaintiff Mohammad Fayyaz with the U.S.C.I.S. and that they have approved the I-130 petition. The Defendants have further conceded that Plaintiff Mohammad Fayyaz applied for adjustment of status on June 29, 2004 and that this immigration application remains unadjudicated. (See Statement of Material Facts as to which Plaintiff Contends that there is no Genuine Issue).

### III.  Conclusion

For the foregoing reasons, Plaintiffs request that the Court grant Plaintiffs' motion for summary judgment and order that the Defendants adjudicate Plaintiffs' applications within 60 days.

                                                    Respectfully submitted,

/s/ Jonathan S. Rochkind
Jonathan S. Rochkind
Smith, Hudson & Carluzzo, P.C.
9300 West Courthouse Road
Judiciary Square – Suite 203
Manassas, Virginia 20110
(703) 361-0776 ext 107
DC Bar ID number 425185

COANE & ASSOCIATES

/s/ James P. McCollom, Jr.
Bruce A. Coane
SBOT No. 04423600
Ajay Choudhary
SBOT No. 90001623
James P. McCollom, Jr.
SBOT No. 13431960
3D/International Tower
1900 West Loop South
Suite 820
Houston, TX 77027-3206
713-850-0066
713-850-8528  FAX

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by electronic means through the Electronic Case Filing system on October 19, 2007 to:

Ms. Karen L. Melnik
Assistant U.S. Attorney
Judiciary Center Building
555 4th Street, NW Rm. E-4112
Civil Division
Washington, DC 20530
Karen.melnik@usdoj.gov

/s/ James P. McCollom, Jr.
James P. McCollom, Jr.

13

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MOHAMMAD FAYYAZ and<br>GIZELA FAYYAZ,<br><br>    *Plaintiffs*<br><br>v.<br><br>DEPARTMENT OF HOMELAND<br>SECURITY, THROUGH ITS<br>SECRETARY, MICHAEL CHERTOFF,<br>EMILIO GONZALEZ, DIRECTOR,<br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES (USCIS),<br>SHARON HUDSON, DISTRICT<br>DIRECTOR, HOUSTON, USCIS, AND<br>ROBERT MUELLER, DIRECTOR,<br>FEDERAL BUREAU OF<br>INVESTIGATION,<br><br>    *Defendants* | § § § § § § § § § § § § § § § § § § § | Civil Action No. 06-2016 (HHK) |

## **ORDER**

It is ORDERED that the Defendants' Motion to Transfer, or in the Alternative, to Dismiss Plaintiffs' Complaint, is DENIED.

The Court FINDS that there is no genuine issue as to any material fact and that the Plaintiffs are entitled to summary judgment as a matter of law.

It is ORDERED that the Defendants adjudicate Plaintiff Mohammad Fayyaz's application for lawful permanent residence by January 1, 2008.

SIGNED at the District of Columbia, this _____ day of _____ , 2007.

                                                                                                       U.S. DISTRICT JUDGE